IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>) 1:15CR82-1<br>VERNON WADE BAME, JR., )<br>)<br>Defendant. ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on Defendant Vernon Wade Bame, Jr.'s ("Defendant") Motion to Dismiss [Doc. #12], in which Defendant seeks dismissal of Count One of the instant Indictment. Count One charges Defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant argues that his prior North Carolina convictions do not qualify as felonies under § 922(g)(1) because he did not face a term of actual imprisonment in excess of one year. A hearing on Defendant's Motion was held on May 5, 2015, at the end of which this Court determined it would deny Defendant's Motion. This Memorandum Opinion and Order is entered consistent with this Court's findings and conclusions as stated at the May 5, 2015 hearing.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The relevant background information is as follows. On February 24, 2015, a Grand Jury returned a two-count Indictment against Defendant, charging him in Count One with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and in Count Two with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). As is relevant here,

§ 922(g)(1) is triggered only when a person "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Defendant has three prior North Carolina state convictions that might possibly qualify Defendant as a felon within the meaning of § 922(g)(1) for purposes of Count One.

Defendant was previously convicted in the Davidson County, North Carolina Superior Court on February 11, 2014 of two counts of selling schedule IV controlled substances for offenses occurring on October 30, 2013 and November 12, 2013. The judgments from the Superior Court indicate that under North Carolina law, Defendant's convictions were Class H felonies, and Defendant had a Prior Record Level of II. Defendant was sentenced within the "presumptive range" of sentences, meaning that the Superior Court did not find any mitigating or aggravating factors present. The judgment imposed a 4 to 14 month sentence for each count of selling schedule IV controlled substances. The sentences were suspended for 30 months with several conditions.

Defendant's third North Carolina felony conviction was for obtaining property by false pretenses, with an offense date of June 28, 2013. Defendant was convicted on May 12, 2014, in Davidson County, North Carolina Superior Court. The judgment indicates that Defendant's conviction for obtaining property by false pretenses was a Class H felony, and Defendant had a Prior Record Level of III at the time of conviction and sentencing for this offense. Defendant was sentenced within the "presumptive range." The Superior Court imposed an 8 to 19 month sentence suspended for 24 months, with several conditions.

Based on Defendant's interpretation of applicable North Carolina sentencing law,

Defendant filed a Motion to Dismiss [Doc. #12] on April 24, 2015. The Motion sought dismissal of Count One of the Indictment for failure to state an offense, because Defendant contends that his prior North Carolina convictions were not punishable for a term in excess of one year. At the May 5, 2015 hearing on the Motion, the Government opposed the Motion.

II. LEGAL STANDARD

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to file a pretrial motion to dismiss an indictment that is defective by virtue of failing to state an offense. Fed. R. Crim. Proc. 12(b)(3)(b)(v). Such a motion to dismiss "tests whether the indictment sufficiently charges the offense set forth against the defendant." United States v. Brandon, 150 F. Supp. 2d 883, 884 (E.D. Va. 2001) (citing United States v. Sampson, 371 U.S. 75, 78-79, 83 S. Ct. 173, 9 L. Ed. 2d 136 (1962)). An indictment must generally state the necessary elements of the charged offense, accompanied by a statement of facts supporting the charge and informing the defendant of the specific conduct alleged to constitute the offense. United States v. Perry, 757 F.3d 166, 171 (4th Cir. 2014); see United States v. Brandon, 150 F. Supp. 2d 883, 884 (E.D. Va. 2001)(citing Hamling v. United States, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907-08, 41 L. Ed. 2d 590 (1974)).

III. DISCUSSION

Defendant argues that the indictment fails to state an offense because his underlying North Carolina convictions were not punishable for a term of imprisonment in excess of one year. Defendant bases this argument on a term of post-release supervision that is included in the sentences of certain North Carolina state felonies.

3

As is relevant here, North Carolina General Statute § 15A-1340.13 sets out the procedure a North Carolina state court follows when sentencing a defendant. Initially, the court must determine the Prior Record Level of the defendant and the Class of Offense at issue. N.C. Gen. Stat. § 15A-1340.13(b). Based on these two determinations, in conjunction with any aggravating or mitigating factors, the court then determines the applicable minimum and maximum sentence, as specified in North Carolina General Statute § 15A-1340.17, unless other applicable statutes require a different sentence. Id. § 15A-1340.13(b)–(e). As to post-release supervision for such sentences, the Justice Reinvestment Act of 2011 ("JRA")[1] as codified provides that "a prisoner to whom this Article applies shall be released from prison for post-release supervision on the date equivalent to his maximum imposed prison term . . . less nine months in the case of Class F through I felons[.]" Id. § 15A-1368.2(a). A defendant cannot choose to serve this portion of his sentence in prison rather than serve the portion as post-release supervision. Id. § 15A-1368.2(b). "When a supervisee completes the period of post-release supervision, the sentence or sentences from which the supervisee was placed on post-release supervision are terminated." Id. § 15A-1368.2(f).

Based on reading § 15A-1340.17 in conjunction with § 15A-1368.2, Defendant asserts that Defendant's convictions were not punishable by a term of imprisonment exceeding one year for purposes of § 922(g)(1). Defendant argues that because his prior North Carolina

---

[1] The Court notes that there was some discussion at the hearing as to the alleged purposes of the JRA. However, as the proffered motivations for the JRA do not clearly explain the post-release supervision modifications made by the Act, the Court does not base its decision on the alleged purposes in passing the JRA. Moreover, the Court notes it is not bound by the JRA in determining whether a prior conviction qualifies as a felony offense under federal law.

4

felonies are all Class H felonies, each of his prior sentences of imprisonment contained a 9-month term of post-release supervision. Thus, according to Defendant, this Court must effectively consider the maximum term of imprisonment Defendant was sentenced to for the prior convictions, then subtract 9 months for the mandatory post-release supervision term, in order to determine whether Defendant was convicted of an offense punishable by a term in excess of one year.

In the present matter, Defendant received a 4 to 14 month sentence for each of his prior convictions of selling Schedule IV controlled substance, and he received an 8 to 19 month sentence for his prior conviction of obtaining property by false pretenses.[2] Defendant frames the previous convictions as each consisting of two components: first, a sentence of imprisonment, and second, a mandatory term of post release supervision. By Defendant's reasoning, Defendant was sentenced to a maximum of 5 months of imprisonment, followed by 9 months of post-release supervision, as to each conviction of selling Schedule IV controlled substance, and a maximum of 10 months of imprisonment, again followed by 9 months of post-release supervision, for his obtaining property by false pretenses conviction. Defendant asserts

---

[2] Defendant noted in his Motion the applicable possible maximum sentences Defendant would have been eligible for pursuant to the sentencing chart in North Carolina General Statutes § 15A-1340.17, calculating the maximum sentences in terms of the time of imprisonment and the time spent on post-release supervision. Specifically, it appears the maximum sentence Defendant could have received for his sell Schedule IV controlled substance convictions, based on his prior record level, would have been 19 months, which would include a 9 month term of supervised release. Thus, by Defendant's reasoning, the maximum term of actual imprisonment Defendant could have been sentenced was 10 months, followed by 9 months of post-release supervision. As to the conviction for obtaining property by false pretenses, Defendant contends the maximum applicable sentence was 21 months, which would translate into 12 months of imprisonment followed by 9 months of post-release supervision.

5

that because each of the sentences for his North Carolina convictions effectively contained a period of 9 months during which he would be released on supervision, the term of actual imprisonment was necessarily less than one year. Defendant contends that he has not been convicted of an offense "punishable by imprisonment for a term exceeding one year" for purposes of charging Defendant under § 922(g)(1), and therefore, the Indictment fails to state an offense as to Count One.

However, this Court is persuaded that the post-release supervision is more accurately considered part of the term of imprisonment the State of North Carolina imposes for certain felony convictions. The relevant judgments for the underlying convictions only state a range of term of imprisonment, with no reference to any term of post-release supervision. In this instance, Defendant's judgments regarding selling Schedule IV controlled substance imposed a sentence of 4 to 14 months, and his judgment as to the obtaining property by false pretenses conviction imposed a sentence of 8 to 19 months.[3] As Defendant conceded at the hearing, the judgments nowhere mention the 9-month term of post-release supervision. Instead, the judgments contain the simple and clear sentences of imprisonment previously stated, all of

---

[3] Defendant attempts to rely on the Fourth Circuit's holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), suggesting that reading the term of imprisonment imposed by the judgments without excepting the 9 months of post-release supervision according to the JRA would equate to imagining a hypothetical worst-case offender, which is prohibited by Simmons. See id. at 649. This Court is not persuaded that Simmons should be read as expansively as Defendant argues. In the instant matter, the ranges of imprisonment were imposed specific to this Defendant, and the Court is not considering the possible sentences if Defendant had been subject to the aggravated sentencing range or had a higher Prior Record Level. Thus, the Court does not find that Simmons is contravened by consideration of the specific sentence imposed upon Defendant for his prior convictions.

6

which exceed a term of one year of imprisonment. To the extent this Court's review of a state court's judgment is limited to review of the charging and sentencing documents, the sentencing documents in this matter reveal sentences of imprisonment in excess of one year, and do not contain an indication that the sentencing court actually considered the sentence of imprisonment to be 9 months less than what is stated in the relevant judgments. Thus, these judgments imposed sentences of imprisonment in excess of one year at the outset of each of Defendant's convictions.

The language and structure of the relevant North Carolina statutes further support such a conclusion  The North Carolina statute outlining the procedure for determining a maximum sentence refer to the sentence in terms of imprisonment, and not in terms of imprisonment and post-release supervision. See N.C. Gen. Stat. § 15A-1340.13 ("The maximum term of imprisonment applicable to each minimum term of imprisonment is, unless otherwise provided, as specified in § 15A-1340.17."); id. § 15A-1340.17 (containing the sentencing chart, referring to "minimum term[s] of imprisonment" and "maximum term[s] of imprisonment" without any mention of post-release supervision). This language suggests that North Carolina considers any included term of supervised release to effectively be part of an imposed term of imprisonment. Indeed, upon revocation of post-release supervision, a defendant could be reimprisoned for the time remaining on his original sentence. See id. § 15A-1368.3 (c)(1).

As the Government highlighted at the hearing on this Motion, North Carolina's mandatory term of post-release supervision appears analogous to parole and is distinguishable from the supervised release system used in federal courts, in that the North Carolina Post-

7

Release Supervision and Parole Commission ("the Commission"), and not a judge, addresses violations of post-release supervision. Any term of imprisonment imposed by the Commission as a result of revocation of post-release supervision is according to and under the original sentence of imprisonment imposed. See N.C. Gen. Stat. § 15A-1368.3 (c) (referring to violations as punishable by "reimprisonment" or being "returned to prison" upon revocation of post-release supervision); see also State v. Corkum, __ N.C. App. __, 735 S.E.2d 420, 423 (2012) (observing, in context of credit for time served, that the post-release supervision is "a result of the original charges," and "[t]here is no new sentence imposed as a result of a revocation of post-release supervision; only the remaining portion of the original sentence is activated"). The statutes also make clear that the original sentence does not terminate until a defendant's maximum sentence is completed, irrespective of how much of the sentence was spent in custody or on post-release supervision. See N.C. Gen. Stat. § 15A-1368.2(f). As such, the maximum term of imprisonment truly represents the maximum amount of time a particular defendant could serve in prison according to a particular sentence. Here, Defendant did not in fact have his post-release supervision revoked and did not serve the maximum term of his sentence in prison; however, at the time the underlying sentences were imposed, he was faced with the possibility of imprisonment in excess of one year with respect to each conviction.

Thus, on the face of the judgments and according to how post-release supervision operates under a given sentence, Defendant faced a term of imprisonment in excess of one year for his prior North Carolina convictions. As such, this Court rejects Defendant's argument that the term of post-release supervision must be subtracted from the sentence of a state court's

8

judgment when evaluating whether a prior conviction was punishable by a term of imprisonment in excess of one year for purposes of the federal offense of violating 18 U.S.C. § 922(g)(1). Accordingly, having considered the argument made by Defendant in this case with respect to Count One and whether or not Defendant had a qualifying felony, this Court finds that Defendant's prior North Carolina convictions discussed herein, each of which included a maximum sentence in excess of one year, qualify as felonies for purpose of the Indictment in this case. As such, the Indictment does not fail to state an offense as contended by Defendant.

IV. CONCLUSION

For the reasons discussed above, the Court finds that Defendant's prior North Carolina felony convictions were punishable by terms in excess of one year, as evidenced by the underlying judgments for these convictions. Thus, the Indictment is not defective for failure to state an offense under Rule 12(b)(3)(b)(v), and the Indictment should not be dismissed. The Court will accordingly deny Defendant's Motion to Dismiss [Doc. #12].

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. #12] is hereby DENIED.

This the 7th day of May, 2015.

/s/ James A. Beaty
United States District Judge

9

Case 1:15-cr-00082-JAB   Document 18   Filed 05/07/15   Page 9 of 9